IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MILTON WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02:04cv1328 |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OPINION AND ORDER OF COURT**

August 30, 2005

**I.   Introduction**

Plaintiff, Milton White, brought this action pursuant to 42 U.S.C. § 405(g) for judicial review of the final determination of the Commissioner of Social Security ("Commissioner") which denied his application for disability insurance benefits ("DIB") and supplemental security income ("SSI") under titles II and XVI of the Social Security Act ("Act"), 42 U.S.C. §§ 401-433, 1381-1382f.

**II.   Background**

   **A.   Facts**

Plaintiff was born in June 1949. He is a high school graduate, with twelve months of vocational training as a nurse's assistant. (R. at 119, 226, 444.) He has past work experience as a coal miner, maintenance man, security guard, laborer and nurse's aide. (R. at 82).

Plaintiff alleges disability as of November 10, 2001, due to chronic pain, dizziness, weakness, headaches, nervousness, diabetes, high blood pressure, and a heart condition. The

record reflects that Plaintiff has not engaged in substantial gainful activity since his alleged onset date.

### B.     Procedural History

Plaintiff filed the instant application for DIB/SSI on August 12, 2002, in which he claimed total disability since November 10, 2001.[1] An administrative hearing was held on December 5, 2003, before Administrative Law Judge Donald T. McDougall ("ALJ").  Plaintiff was represented by counsel and testified at the hearing.  Also testifying at the hearing was John Panza, an impartial vocational expert.

On February 27, 2004, the ALJ rendered an unfavorable decision to Plaintiff in which he found that Plaintiff's residual functional capacity did not preclude him from performing his past relevant work as a security guard and building maintenance, and, therefore, was not "disabled" within the meaning of the Act.

The ALJ's decision became the final decision of the Commissioner on April 20, 2004, when the Appeals Council denied Plaintiff's request to review the decision of the ALJ.

On September 2, 2004, Plaintiff filed his Complaint in this Court in which he seeks judicial review of the decision of the ALJ.  The parties have filed cross-motions for summary judgment.  Plaintiff argues that the decision of the ALJ is not supported by the factual and medical evidence of record.  The Commissioner contends that the decision of the ALJ should be affirmed as it is supported by substantial evidence.  The Court agrees with the Commissioner

---

[1]     The record evidence reflects that Plaintiff's current application is his sixth application for disability benefits.  He previously filed unsuccessful applications for disability benefits in January 1980, May 1987, August 1990, March 1995, and July 2000.  The ALJ found that "[t]he evidence does not establish any cause for reopening prior applications." (R. at 14.)

and will therefore grant the motion for summary judgment filed by the Commissioner and deny the motion for summary judgment filed by Plaintiff.

**III.     Legal Analysis**

    A.     <u>Standard of Review</u>

The Act limits judicial review of disability claims to the Commissioner's final decision.  42 U.S.C. § 405(g).  If the Commissioner's finding is supported by substantial evidence, it is conclusive and must be affirmed by the Court.  42 U.S.C. § 405(g); *Schaudeck v. Comm'n of Soc. Sec. Admin.,* 181 F.3d 429, 431 (3d Cir. 1999).  The Supreme Court has defined "substantial evidence" as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Richardson v. Perales*, 402 U.S. 389 (1971); *Hartranft v. Apfel*, 181 F.3d 358, 360 (3d Cir. 1999).  It consists of more than a scintilla of evidence, but less than a preponderance.  *Stunkard v. Secretary of Health & Human Servs.*, 841 F.2d 57, 59 (3d Cir. 1988).

When resolving the issue of whether an adult claimant is or is not disabled, the Commissioner utilizes a five-step sequential evaluation.  20 C.F.R. §§ 404.1520 and 416.920 (1995).  This process requires the Commissioner to consider, in sequence, whether a claimant (1) is working, (2) has a severe impairment, (3) has an impairment that meets or equals the requirements of a listed impairment, (4) can return to his or her past relevant work, and (5) if not, whether he or she can perform other work.  *See* 42 U.S.C . § 404.1520; *Burnett v. Commissioner of Social Security*, 220 F.3d 112,  118-19 (3d Cir. 2000) (*quoting Plummer v. Apfel*, 186 F.3d 422, 428 (3d Cir. 1999)).

To qualify for disability benefits under the Act, a claimant must demonstrate that there is some "medically determinable basis for an impairment that prevents him or her from engaging in any substantial gainful activity for a statutory twelve-month period." *Kangas v. Bowen*, 823 F.2d 775, 777 (3d Cir. 1987); 42 U.S.C. § 423 (d)(1) (1982). This may be done in two ways:

> (1) by introducing medical evidence that the claimant is disabled *per se* because he or she suffers from one or more of a number of serious impairments delineated in 20 C.F.R. Regulations No. 4, Subpt. P, Appendix 1. *See Heckler v. Campbell*, 461 U.S. 458 (1983); *Stunkard*, 841 F.2d at 59; *Kangas*, 823 F.2d at 777; or,
>
> (2) in the event that claimant suffers from a less severe impairment, by demonstrating that he or she is nevertheless unable to engage in "any other kind of substantial gainful work which exists in the national economy . . . ." *Campbell*, 461 U.S. at 461 (citing 42 U.S.C. § 423 (d)(2)(A)).

In order to prove disability under the second method, a claimant must first demonstrate the existence of a medically determinable disability that precludes plaintiff from returning to his or her former job. *Stunkard*, 841 F.2d at 59; *Kangas*, 823 F.2d at 777. Once it is shown that claimant is unable to resume his or her previous employment, the burden shifts to the Commissioner to prove that, given claimant's mental or physical limitations, age, education and work experience, he or she is able to perform substantial gainful activity in jobs available in the national economy. *Stunkard*, 842 F.2d at 59; *Kangas*, 823 F.2d at 777; *Doak v. Heckler*, 790 F.2d 26, 28 (3d Cir. 1986); *Rossi v. Califano*, 602 F.2d 55, 57 (3d Cir. 1979).

Where a claimant has multiple impairments which may not individually reach the level of severity necessary to qualify any one impairment for Listed Impairment status, the Commissioner nevertheless must consider all of the impairments in combination to determine

whether, collectively, they meet or equal the severity of a Listed Impairment. *Bailey v. Sullivan*, 885 F.2d 52 (3d Cir. 1989) ("in determining an individual's eligibility for benefits, the Secretary shall consider the combined effect of all of the individual's impairments without regard to whether any such impairment, if considered separately, would be of such severity.")

In this case, the ALJ determined that Plaintiff was not disabled within the meaning of the Act at the fourth step of the sequential evaluation process. In making this determination, the ALJ concluded that Plaintiff was capable of performing jobs at the light exertional level and that his residual functional capacity did not preclude him from performing his past relevant work as a security guard and building maintenance.

### B. Discussion

As set forth in the Act and applicable case law, this Court may not undertake a de novo review of the Commissioner's decision or re-weigh the evidence of record. *Monsour Medical Center v. Heckler*, 806 F.2d 1185, 1190 (3rd Cir. 1986), *cert. denied*, 482 U.S. 905 (1987). The Court must simply review the findings and conclusions of the ALJ to determine whether they are supported by substantial evidence. 42 U.S.C. § 405(g); *Schaudeck v. Comm's of Soc. Sec. Admin.,* 181 F.3d 429, 431 (3d Cir. 1999).

Plaintiff argues that the determination of the ALJ is not supported by substantial evidence because the ALJ failed in not giving controlling weight to the opinions of Plaintiff's treating physicians.

Under the regulations, the opinion of a treating physician concerning the nature and severity of an individual's impairment is entitled to controlling weight only if it is consistent

with the other evidence of record and well-supported with clinical and diagnostic findings. 20 C.F.R. §§ 404.1527(d)(3) - (4); 416.927(d)(3) - (4). Where form reports are unaccompanied by thorough written reports, their reliability is suspect. *Brewster v. Heckler*, 786 F.2d 581, 585 (3d Cir. 1986.)

The determination of disability, which is a legal determination, is ultimately for the Commissioner and not a medical source. 20 C.F.R. §§ 404.1527(e), 416.927(e).

### *1.     Physical Impairments*

In October 2001, Plaintiff was examined by Wladyslaw Bobak, M.D., an internist. Plaintiff complained of back pain and high blood pressure. Dr. Bobak reported no abnormal findings, but noted that Plaintiff wanted "disability." (R. at 291.)

On February 15, 2002, Plaintiff again saw Dr. Bobak with complaints of low back pain and dizziness of two weeks duration. Dr. Bobak noted that Plaintiff had diabetes mellitus and hypertension, but had stopped taking his blood pressure pills and sugar pills three months before. Upon examination, Dr. Bobak noted that Plaintiff was alert, fully oriented, able to move freely, and in no acute distress. Plaintiff was neurologically intact, had normal reflexes, normal sensation, and normal motor strength. Plaintiff did have an irregular heart beat and was diagnosed with atrial fibrillation with fast ventricular response. (R. at 174.)

On February 19, 2002, Plaintiff was examined by B. J. Wadhwani, M.D., a cardiologist. Plaintiff denied any complaints at that time. Dr. Wadhwani noted that Plaintiff's back was non-tender and that his chest x-ray was normal. Dr. Wadhwani opined that Plaintiff's atrial fibrillation was possibly secondary to alcohol and cocaine abuse. (R. at 177, 346.)

On August 1, 2002, Plaintiff saw Dr. Bobak and complained of shortness of breath with mild walking.  At that time, Dr. Bobak completed a one-page check-off form in connection with Plaintiff's application for public welfare benefits, in which he opined that Plaintiff was disabled due to congestive heart failure, cardiomyopathy, diabetes mellitus, and low back syndrome.  (R. at 193.)

The medical evidence of record indicates that on August 22, 2002, Plaintiff sought treatment for crack cocaine abuse and heavy alcohol abuse.  (R. at 458.)

Plaintiff was admitted into a rehabilitation program at the Veterans Administration Medical Center ("VAMC") on September 26, 2002, and successfully completed the program on October 15, 2002.  The records reflect that Plaintiff had an extensive history of drug and alcohol abuse.

On September 30, 2002, Plaintiff was seen at the VAMC with complaints of left-sided arm and leg numbness, and shortness of breath with exertion.  Plaintiff stated that he smoked one pack of cigarettes a day and did not want to stop.  (R. at 216, 449.)   The medical records from the VAMC reflect that Plaintiff was not in acute distress, had a regular heart, no neurological deficits, normal hand and muscle strength, and a normal range of motion.  (R. at 215-16.)  An x-ray of his lumbosacral spine showed only mild degenerative disc disease.

The primary diagnosis of the VAMC was cocaine and alcohol dependence, and secondary diagnoses were diabetes mellitus, atrial fibrillation, asthma, chronic low back pain, and a history of peptic ulcer.  (R. at 215, 449.)

On January 2, 2003, Naresh Bhatt, M.D., an endocrinologist, examined Plaintiff and reported that Plaintiff's physical examination was essentially normal, but for nasal and throat

congestion, and ear wax. Dr. Bhatt opined that Plaintiff was able to occasionally lift one hundred pounds, frequently lift ten pounds, stand/walk one hour during an eight-hour workday, sit for two hours during an eight-hour workday, and had a limited ability to push/pull with his lower extremities due to complaints of back pain. (R. at 283.)

On March 13, 2003, Dr. Bobak completed a check-off form in which he indicated that Plaintiff was able to occasionally lift ten pounds and was able to sit for two hours in an eight-hour workday, stand less than one hour in an eight-hour workday, and walk less than one hour in an eight-hour workday. (R. at 310, 334.) Dr. Bobak noted that Plaintiff did not need to elevate his legs or need any type of assistive device to stand or walk, and did not need to frequently alternate positions. (Id.) Dr. Bobak opined, *inter alia*, that Plaintiff was able to bend, stoop, balance, and use his feet for repetitive pushing or pulling, but should not crawl, climb, crouch, or kneel. (R. at 311, 335.)

The ALJ discounted the opinion of Dr. Bobak that Plaintiff was disabled for several reasons, including that Dr. Bobak's opinion was not well supported by medically accepted clinical and diagnostic techniques. For example, inconsistent with his opinion regarding disability, the clinical findings of Dr. Bobak showed that Plaintiff was in no acute distress, was neurologically intact, had normal reflexes, normal sensation, normal motor strength, and no abnormal findings. (R. at 174, 293.)

Further, the ALJ found that Dr. Bobak's opinion was inconsistent with the medical records of Dr. Wadhwani and the VAMC. The records of Dr. Wadhwani showed that Plaintiff's back was non-tender, chest x-rays were normal, and that Plaintiff denied any complaints. The records from the VAMC showed that Plaintiff was in not acute distress, had a regular heart, no

neurological deficits, normal hand and muscle strength, normal range of motion, and no cardiac complaints. (R. at 215-16, 448-49.)

The ALJ also found that Dr. Bobak's opinion was inconsistent with Plaintiff's laboratory and diagnostic tests which showed that he had no active pulmonary disease, normal liver function, no diabetic retinopathy, and mild degenerative disc disease of the lumbosacral spine.

Under the regulations, the opinion of a treating physician concerning the nature and severity of an individual's impairment is entitled to controlling weight only if it is consistent with the other evidence of record and well-supported with clinical and diagnostic findings. 20 C.F.R. § 404.1527(d)(3) - (4). Where an opinion as to disability is contained in a form report unaccompanied by a thorough written report, its reliability is suspect. *See Brewster v. Heckler*, 786 F.2d 581, 585 (3d Cir. 1986). To the extent that Plaintiff is correct that a treating physician's findings and opinions are entitled to greater weight than attributed to it by the ALJ, the Court is guided by the pronouncement of the Court of Appeals for the Third Circuit in *Adorno v. Shalala*, 40 F.3d 43 (3d Cir. 1994):

> A statement by a plaintiff's treating physician supporting an assertion that he is "disabled" or "unable to work" is not dispositive of the issue. The ALJ must review all the medical findings and other evidence presented in support of the attending physician's opinion of total disability. In doing so, the ALJ must weigh the relative worth of a treating physician's report against the reports submitted by other physicians who have examined the claimant.

*Id*. at 47-48 (citations omitted); 20 C.F.R. § 404.1527(e). The determination of disability, which is a legal determination, is ultimately for the Commissioner and not a medical source. 20 C.F.R. §§ 404.1527(e).

The administrative record reflects that the ALJ examined all of the medical findings and evidence of record, including Plaintiff's testimony at the hearing. The ALJ acknowledged that Dr. Bobak had opined that Plaintiff was disabled; however, the ALJ found that the opinion of Dr. Bobak was contrary to the other medical record of evidence, including his own clinical findings, which were normal. These record findings constitute substantial evidence which supports the ALJ's conclusion that Plaintiff maintained the residual functional capacity to perform light exertional work.

### 2.   *Mental Impairments*

On October 8, 2002, Scott A. Golden, M.D., a psychiatrist, noted that Plaintiff had a constant forty year history of drug and alcohol abuse. Dr. Golden reported that Plaintiff complained of a depressed mood and decreased energy, but denied any appetite problems or feelings of hopelessness or worthlessness. Dr. Golden noted that Plaintiff was well groomed, had good interpersonal skills, no abnormal psychomotor behavior, a full affect, normal speech, normal thought processes, intact short and long-term memory, and that Plaintiff was able to concentrate well. (R. at 210, 211, 429, 430.)

On October 15, 2002, Dr. Golden opined that Plaintiff had no active psychological problems. (R. at 203, 421.)

On November 19, 2002, Sharon Becker Tarter, Ph.D., a state agency psychologist, reviewed Plaintiff's medical records and opined that Plaintiff had no severe mental impairments. Additionally, Dr. Tarter opined that Plaintiff's mental impairments no more than

mildly affected his activities of daily living, social functioning, or concentration, persistence, or pace, and caused no episodes of decompensation. (R. at 276, 278.)

On March 31, 2003, Jerome M. Young, M.D., a psychiatrist, examined Plaintiff for complaints of irritability, and difficulty falling asleep. Dr. Young diagnosed Plaintiff with a substance induced mood disorder and a history of alcohol and cocaine abuse, in remission. Dr. Young gave Plaintiff a Global Assessment Functioning ("GAF") rating of 40, but planned to evaluate Plaintiff again in one month.

The ALJ found that the medical record of evidence reflects that once Plaintiff stopped abusing alcohol and drugs, he had only minor or slight psychological complaints. The ALJ also found that the GAF assessment of Dr. Young was not well supported. Dr. Young had seen the Plaintiff only on one occasion and the GAF rating of 40 was not supported by the medical and other medical evidence.

### 3. *Subjective Complaints of Plaintiff*

Plaintiff testified that he was about to be married and lived with his three-year old son. He testified that he cared for his son during the day, was able to use public transportation, went to church twice a week, shopped, ate out at restaurants, and went fishing twice a week during the summer.

Plaintiff also testified that he had constant back and leg pain. Plaintiff testified that his pain caused him to stop all activities, that he had no hobbies, and was not able to do anything.

The ALJ found Plaintiff's complaints were not supported by the medical evidence and not credible. (R. 20). Subjective complaints of pain may be probative of a disability. *Smith v. Calafano*, 637 F.2d 968, 972 (3d Cir. 1981). However, a claimant's statements as to pain are not by themselves conclusive evidence of a disability. Rather,

> there must be medical signs and findings, established by medically acceptable clinical or laboratory diagnostic techniques, which show the existence of a medical impairment that results from anatomical, physiological abnormalities which could reasonably be expected to produce pain . . . . Objective medical evidence of pain or other clinical or laboratory techniques (for example, deteriorating nerve or muscle tissue) must be considered in reaching a conclusion as to whether the individual is under a disability.

*Chrupcala v. Heckler*, 829 F.2d 1269, 1275 (3d Cir. 1987). Further, when a claimant's complaints of pain are supported by objective medical evidence, the complaints should be given "great weight" and may not be disregarded unless there exists contrary medical evidence. *Mock v. Shalala,* 1995 WL 80122, at *2 (E. D. Pa. Feb. 27, 1995). Moreover, even when an individual's subjective complaints of pain are not supported by medical evidence, they are entitled to serious consideration. *Ferguson v. Schweiker*, 765 F.2d 31, 37 (3d Cir. 1985).

The ALJ found that Plaintiff had been non-compliant with his physical therapy, in which he attended only four of eleven scheduled treatment sessions. The physical therapist reported that Plaintiff required constant reminders of his exercise program and proper technique, but that he tolerated all treatment well and continued with consistent progress toward the outcome goals of reducing pain, increasing range of motion and increase strength. The ALJ concluded that "Plaintiff's failure to follow up with prescribed and scheduled physical therapy sessions, which appeared to be helping the [Plaintiff], seems to indicate his condition may not be as bad as he claims." (R. at 20.)

Plaintiff testified that his diabetes mellitus was out of control and blood sugar readings were regularly over 600. However, the ALJ found the medical evidence of record did not show regular blood sugar readings over 600, but rather the highest reading was 270.

Credibility determinations by an ALJ need only be supported by substantial evidence on the record as a whole. *Miller v. Commissioner of Soc. Sec.*, 172 F.3d 303, 304 n.1 (3d Cir. 1999). The United States Court of Appeals for the Third Circuit has stated: "[I]n all cases in which pain or other symptoms are alleged, the determination or decision rationale must contain a thorough discussion and analysis of the objective medical and the other evidence, including the individual's complaints of pain or other symptoms and the adjudicator's personal observations. The rationale must include a resolution of any inconsistencies in the evidence as a whole and set forth a logical explanation of the individual's ability to work." *Schaudeck*, 181 F.3d at 433, *quoting* Social Security Ruling ("SSR") 95-5p.

The Court finds that inconsistencies in Plaintiff's testimony may constitute substantial evidence to support the ALJ's determination that Plaintiff's complaints of pain and assertions of total inability to work were not entitled to full credibility. *See Wilson v. Apfel*, 1999 WL 993723, at *4 (E. D. Pa. Oct. 29, 1999), *aff'd*, 225 F.3d 651 (3d Cir. 2000).

The Court, therefore, concludes that since matters of credibility are within the province of the factfinder, the ALJ could properly determine that Plaintiff's statements and testimony were not entirely credible, and that substantial evidence supported his finding that Plaintiff is not disabled within the meaning of the Act.

**IV.     Conclusion**

It is undeniable that Plaintiff has a number of impairments, and this Court is sympathetic and aware of the challenges which Plaintiff faces in seeking gainful employment. Under the applicable standards of review and the current state of the record, however, the Court must defer to the reasonable findings of the ALJ and his conclusion that Plaintiff is not disabled within the meaning of the Social Security Act, and that he remains able to engage in some kind of substantial gainful work which exists in the national economy.

The Court finds that the ALJ observed the proper legal standards in evaluating the opinions of the doctors who had treated or examined Plaintiff.

For these reasons, the Court will grant the Motion for Summary Judgment filed by the Commissioner and deny the Motion for Summary Judgment filed by Plaintiff.

An appropriate order follows.

McVerry, J.

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MILTON WHITE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 02:04cv1328 |
| | ) | |
| JO ANNE B. BARNHART, | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER OF COURT**

**AND NOW**, this 30th day of August, 2005, it is hereby **ORDERED**, **ADJUDGED, AND DECREED** that:

1. The Motion for Summary Judgment filed by Plaintiff, Milton White (*Document No. 7*) is **DENIED**;

2. The Motion for Summary Judgment filed by Defendant, Jo Anne B. Barnhart, Commissioner of Social Security (*Document No. 9*) is **GRANTED**; and

3. The clerk shall mark this case closed.

BY THE COURT:

s/Terrence F. McVerry
United States District Court Judge

cc:  N. Leah Fink, Esquire
Kunkel & Fink
Email: kunkel.fink@verizon.net

Paul Skirtich,
Assistant U.S. Attorney
Email: paul.skirtich@usdoj.gov